Mitchell A. Stephens (11775)
Justin L. James (15167)
Benton M. Eskelsen (18362)
JAMES DODGE RUSSELL & STEPHENS, P.C.
545 East 300 South
Salt Lake City, Utah 84102
Telephone: 801.363.6363
Email: mstephens@jdrslaw.com
          jjames@jdrslaw.com
          beskelsen@jdrslaw.com

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ANTONIO SIVATIA, through his Guardian & Mother Nonnie L. Masaniai Pea, and NONNIE L. MASANIAI PEA, | **PLAINTIFFS' SHORT FORM DISCOVERY MOTION** |
| *Plaintiffs*, | Case No. 2:21-cv-00761-DBB-JCB |
| v. | Judge David Barlow |
| AMMON FOX, JAMES WILLIAMS, NICK GREEN, CHAD FAUBION, WEST VALLEY CITY and DOES 1-10., | Magistrate Judge Jared C. Bennett |
| *Defendants*. | |

Pursuant to DUCivR 37-1(b), Plaintiffs submit this short form discovery motion seeking to clarify the impact of Defendant Chad Faubion's ("Faubion") refusal to answer questions during a deposition by asserting the Fifth Amendment. Specifically, the Court should confirm that Faubion cannot subsequently take back his assertion of privilege by offering to appear for a second deposition later.

"'The Fifth Amendment privilege cannot be invoked to oppose discovery and then tossed aside to support a party's assertions.'" *See S.E.C. v. Art Intellect, Inc.*, No. 2:11-CV-357, 2013 WL

1

840048, at *12 (D. Utah Mar. 6, 2013)(quoting *SEC v. Zimmerman*, 854 F.Supp. 896, 899 (N.D.Ga.1993)); *see also In re Edmond*, 934 F.2d 1304, 1308-09 (4th Cir. 1991) (collecting cases where courts "have struck testimony when the defendant has invoked the Fifth Amendment to refuse to respond to cross-examination questions" or "avoid discovery").

Despite knowing about his deposition for months, Faubion asserted his Fifth Amendment privilege almost immediately after that deposition began. The deposition's topics were not a surprise. Indeed, the entire case is about an approximately 30-minute period where Sivatia was run over while in police custody and then left for dead. Faubion was being questioned about the events of that night and was asked the same types of questions as other defendants represented by the same legal counsel. [*See* Green Dep. at 12 ("And are you waiving your Fifth Amendment rights for today?")]. In addition, Plaintiffs paused the deposition for approximately an hour so that Faubion could privately discuss the Fifth Amendment issue with counsel. After that extensive delay during the deposition, Faubion repeatedly invoked the Fifth Amendment.

Faubion may now be willing to reopen his deposition and waive the Fifth Amendment but he has not explained why a re-do is either necessary or appropriate. It would be wholly inappropriate for a deponent to simply walk out of a deposition that is not going well for him – only to regroup, obtain additional guidance and legal advice, and then return at his convenience. It is no less appropriate for Faubion to achieve the same result by invoking the Fifth Amendment regarding an issue that he knew about.

Finally, Faubion's belated offer to pay the court should not alter the outcome. Plaintiffs are still out the time they spent preparing for and attending the first deposition. And Faubion will have gained the undeniable advantage that comes from meeting with counsel, learning from subsequent depositions, and then testifying at his leisure. Before his deposition, Faubion and his

2

counsel had time to prepare, and they had an hour break during the deposition to discuss. The Court should not set a precedent that invites the careless or (effectively) consequence-less invocation of a Fifth Amendment privilege part-way through a deposition. *See S.E.C. v. Art Intellect, Inc.*, No. 2:11-CV-357, 2013 WL 840048, at *12 (D. Utah Mar. 6, 2013) (restricting a defendant who previously asserted Fifth Amendment privilege during a deposition to waive that privilege later when the Defendant realized it would benefit her to file self-serving affidavits).

## MEET-AND-CONFER CERTIFICATION

On the afternoon of May 7, 2025, Benton Eskelsen (counsel for Plaintiffs) had a phone call with Taylor Kordsiemon (counsel for West Valley) in a reasonable but ultimately unsuccessful effort to reach an agreement on the disputed matters discussed herein.

DATED this 7th day of May, 2025.

JAMES DODGE RUSSELL & STEPHENS, P.C.

*/s/ Benton M. Eskelsen*
Mitchell A. Stephens
Justin L. James
Benton M. Eskelsen
*Counsel for Plaintiffs Antonio Sivatia through his Guardian & Mother Nonnie L. Masaniai*