THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ATONIO SIVATIA, through his Guardian Nonnie L. Masaniai Pea, and NONNIE L. MASANIAI PEA,<br><br>Plaintiffs,<br><br>v.<br><br>AMMON FOX, JAMES WILLIAMS, NICK GREEN, and CHAD FAUBION, West Valley City Police Officers; DOE DEPUTIES 1-10; and WEST VALLEY CITY, by and through its Police Department,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-00761-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant West Valley City's ("West Valley") short form discovery motion for a protective order precluding Plaintiffs Antonio Sivatia ("Mr. Sivatia") and Nonnie L. Masaniai Pea (collectively, "Plaintiffs") from requiring testimony on certain topics in their Rule 30(b)(6) deposition notice to West Valley.[2] The court heard oral argument on this motion on May 15, 2025, and, following the hearing, took the motion under advisement.[3] For the reasons below, the court denies West Valley's motion for a protective order.

---

[1] ECF No. 16.

[2] ECF No. 89.

[3] ECF No. 95.

## BACKGROUND

This case centers on West Valley police officers' alleged conduct during Mr. Sivatia's arrest in 2020.[4] Among other claims, Plaintiffs' Third Amended Complaint alleges that Officers Ammon Fox and James Williams violated Mr. Sivatia's right to be free from unnecessary rigor under Article I, § 9 of the Utah Constitution.[5] Specifically, Plaintiffs allege that Defendants unnecessarily exposed Mr. Sivatia to an increased risk of serious harm when "[Mr. Sivatia] was tased on a heavily traveled road and ordered to remain there, where he could not see oncoming traffic, and where no blocking vehicle protected him," resulting in permanent injuries after he was run over by the car.[6]

West Valley's instant motion objects to the relevance of topics 4(e) to (i), and 6-8 in Plaintiffs' Rule 30(b)(6) notice because each topic relates to West Valley's provision of medical care to Mr. Sivatia *after* he was run over by the car, and Plaintiffs have not alleged any claims for deficient medical care in their operative complaint.[7] Accordingly, West Valley seeks a protective order precluding Plaintiffs from eliciting deposition testimony on these topics.[8]

## ANALYSIS

Plaintiffs' Rule 30(b)(6) topics 4(e) to (i), and 6-8 are relevant to the parties' claims and defenses under Fed. R. Civ. P. 26(b)(1) even though these topics appear to seek information

---

[4] *See generally* ECF No. 31.

[5] *Id.* at 21-22. Utah Const. Art I, § 9 provides that "[p]ersons arrested or imprisoned shall not be treated with unnecessary rigor."

[6] *Id.* at 22.

[7] ECF No. 89 at 1.

[8] *Id.* at 2.

about causes of action that Plaintiffs have not alleged in their complaint. Under Rule 26(b)(1), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[9]

This scope of discovery under Rule 26(b)(1) has undergone several important changes in the past 30-plus years. Judge James O. Browning provides one of the best summaries of this undulating history in *Kennicott v. Sandia Corp.*[10] In *Kennicott*, the plaintiffs' operative complaint alleged claims for both intentional and disparate impact gender discrimination under Title VII of the Civil Rights Act of 1964.[11] The complaint also alleged that defendants' alleged Title VII violations were based on a "continuing policy, pattern, and practice of sex discrimination against female employees with respect to performance evaluations, pay, promotions, and other terms and conditions of employment."[12] The plaintiffs sought punitive damages in their prayer for relief.[13]

In pursuit of their claims, the plaintiffs served discovery requests upon the defendant that sought information about "unfair treatment against any woman, including gender discrimination, sexual harassment, pregnancy discrimination, hostile work environment and/or retaliation . . .

---

[9] Fed. R. Civ. P. 26(b)(1) (emphasis added).

[10] 327 F.R.D. 454, 464-71 (D.N.M. Aug. 30, 2018).

[11] *Id*. at 456.

[12] *Id.* (citations and quotations omitted).

[13] *Id.* at 460.

3

."[14] The defendant objected to producing these materials because "discovery is limited to the pleadings' claims and defenses."[15] Therefore, the defendant argued, because sexual harassment, pregnancy discrimination, and hostile work environment were not pled in the plaintiffs' complaint, discovery on those topics was irrelevant to the parties' claims and defenses.[16]

Judge Browning analyzed the history of Rule 26(b)(1)'s standard of "relevant to any party's claims or defenses" and drew three helpful conclusions. First, the rule change in the 2015 amendments to Rule 26(b)(1) provides "the court the authority to confine discovery to the claims and defenses asserted in the pleadings[] and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."[17] Second, although discovery must be confined to the claims and defenses pled in the operative pleadings, discovery on those topics is intended to be broad.[18] Therefore, third, the issue concerning relevance under Rule 26(b)(1) is not whether the requested discovery seeks information about unpled claims or defenses but rather whether the discovery sought is relevant to proving or defending against the claims and defenses that have been pled.[19] Judge Browning then thoroughly reviewed all of the discovery sought and concluded that it was relevant to either

---

[14] *Id.* at 456 (capitalization omitted).

[15] *Id.* at 458.

[16] *Id.*

[17] *Id.* at 467.

[18] *Id.* at 469.

[19] *Id.* at 472.

proving the plaintiffs' claims[20] or addressing the defendant's defenses as to punitive damages.[21] Judge Browning's historical analysis of Rule 26(b)(1) and his application thereof are persuasive.

To the extent Plaintiffs seek the requested topics during a Rule 30(b)(6) deposition to obtain information to prove a deliberate indifference claim under Utah Constitution Article I § 9, Plaintiffs' arguments fail. Nearly three decades ago, the Utah Supreme Court clearly delineated the difference between two types of claims available under Article I § 9: (1) deliberate indifference; and (2) unnecessary rigor.[22] The court provided extended examples of what each type of Article I § 9 claim requires and how they differed from one another.[23] Thus, to determine which of the two available Article I § 9 claims Plaintiff is relying on, the court must consider the facts pled in the operative complaint.

The operative complaint's allegations in Plaintiffs' second cause of action under Article I § 9 clearly pleads only an unnecessary rigor cause of action. The complaint is entirely devoid of any allegation remotely suggesting that Plaintiffs are claiming deliberate indifference for Defendants' actions relating to post-accident medical care. Thus, to the extent Plaintiffs seek this information in a Rule 30(b)(6) for purposes of amending their complaint, that information is not relevant to their claims as they exist in the operative pleading under Rule 26(b)(1).

However, as shown in *Kennicott*, the mere fact that discovery sought may touch on other unpled causes of action does not end the inquiry regarding relevance. Instead, the court must

---

[20] *Id.* at 472-74.

[21] *Id.* at 473-74.

[22] *Bott*, 922 P.2d at 740.

[23] *Id.* at 740-41.

consider whether the information sought could be used to prove or disprove Plaintiffs' claims or Defendants' defenses, which includes defenses to punitive damage claims. Plaintiffs seek punitive damages.[24] To obtain punitive damages under Utah law, the Utah Supreme Court requires a fact finder to consider several factors.[25] Among others, these punitive damage factors include: "the nature of the alleged misconduct; [and] the facts and circumstances surrounding such conduct."[26] West Valley's policies regarding medical care provided to suspects post-arrest are relevant to both factors. For example, if the defendant officers in this action acted contrary to West Valley's established policies after Mr. Sivatia was injured, their neglect would be relevant to a jury in considering the nature of the alleged misconduct (i.e., possible extended mistreatment of an injured defendant who was injured in the first place due to Defendants' actions) and the facts and circumstances surrounding the alleged conduct (i.e., whether these officers were so callous towards Mr. Sivatia that they did not take care of him even after he was injured). Conversely, this information is relevant to Defendants' defenses because if West Valley has such policies, and if the officers followed them, then this fact may be a mitigating reason for a factfinder to reduce or deny punitive damages. Accordingly, even though the information sought is not relevant to prove unpled causes of action, it is relevant to the issue of punitive damages for the claims and defenses that are currently in the parties' operative pleadings. Therefore, West Valley's motion for a protective order is DENIED.[27]

---

[24] ECF No. 31 at ¶¶ 151, 185, 202, 213, 215.

[25] *See generally Campbell v. State Farm Mut. Auto Ins. Co.*, 65 P.3d 1134, 1145-46 (Utah 2001).

[26] *Id.* at 1146.

[27] Under Fed. R. Civ. P. 37(a)(5)(B), when a court denies a motion, it "must" award costs and fees unless the arguments were substantially justified or other circumstances make an award of

IT IS SO ORDERED.

DATED this 19th day of May 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

fees unjust. "Substantially justified" means that there is a reasonable basis in law and fact for the party's arguments. *See, e.g.*, *Smash Tech., LLC v. Smash Solutions, LLC*, 335 F.R.D. 438, 450 (D. Utah 2020). West Valley's motion has a reasonable basis in both law and fact. Therefore, the court declines to award fees to the prevailing party.