Mitchell A. Stephens (11775)
Justin L. James (15167)
Benton M. Eskelsen (18362)
JAMES DODGE RUSSELL & STEPHENS, P.C.
545 East 300 South
Salt Lake City, Utah 84102
Telephone:  801.363.6363
Email: mstephens@jdrslaw.com
       jjames@jdrslaw.com
       beskelsen@jdrslaw.com

*Counsel for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT,
### IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ATONIO SIVATIA, through his Guardian & Mother Nonnie L. Masaniai Pea, and NONNIE L. MASANIAI PEA,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMMON FOX, JAMES WILLIAMS, NICK GREEN, CHAD FAUBION, WEST VALLEY CITY and DOES 1-10.,<br><br>*Defendants*. | **MEMORANDUM REGARDING FEDERAL SUBJECT MATTER JURISDICTION**<br><br>Case No. 2:21-cv-00761-DBB-JCB<br><br>Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to the Court's October 1, 2025, Minute Entry and the proceedings held that same day, Plaintiffs Atonio Sivatia, through his Guardian Nonnie L. Masaniai Pea, and Nonnie L. Masaniai Pea ("Plaintiffs") through counsel of record, submit this Brief addressing federal subject matter jurisdiction.  In particular, this Brief explains that Plaintiffs' sixth cause of action arises under federal law.

1

# INTRODUCTION

Plaintiffs' sixth cause of action asserts a federal question that establishes federal subject matter jurisdiction. *See* 28 U.S.C. § 1331. The Tenth Circuit Court has recognized that this cause of action as being based in federal law for more than 30 years. At least some of that federal authority is cited within the sixth cause of action that is now in question. [*See* Dkt. 31 at ¶ 228 (citing federal cases)]. Because this issue is dispositive of jurisdiction, Plaintiffs do not address the second, alternative question of whether the Court should retain jurisdiction if only state law causes of action remain. [*See* Dkt. 111 (inquiring about jurisdiction if sixth cause of action "is a state law claim")].

# ARGUMENT

**I.   PLAINTIFFS' STATE-CREATED DANGER CAUSE OF ACTION IS ROOTED IN FEDERAL LAW.**

The Court maintains federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiffs' sixth cause of action arises under federal law.

Plaintiffs' sixth cause of action asserts well-established theories of liability under 42 U.S.C. § 1983. *See, e.g.*, *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995) ("The classic case of state actors ***creating a danger so as to give rise to § 1983 liability*** is *Wood v. Ostrander* . . . ." (emphasis added)). As this Court previously recognized, Plaintiffs' sixth cause of action invokes Fourteenth Amendment and Eighth Amendment concepts. [*See* Dkt. 76 at 15 n.92]. *See, e.g. DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs.*, 489 U.S. 189, 199 (1989) (recognizing that the Fourteenth and Eighth Amendments provide that "when the State takes a person into custody and holds him there against his will, the Constitution imposes upon it a duty to assume some responsibility for his safety and general well-being").

The merits of Plaintiffs' claim is not before the Court.  Nevertheless, the context of that claim confirms its invocation of federal law.  Generally speaking, the Supreme Court has determined that state actors are not required to take affirmative actions to benefit their citizens.  *See id.* at 198-99.  Most constitutional protections are "phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security."  *Id.* at 195.  Thus, government actors generally may stand "by and [do] nothing" even though "suspicious circumstances dictate[] a more active role for them."  *Id.* at 203.

However, that constitutional concept is not absolute.  Plaintiffs' sixth cause of action was intended to specifically plead the conditions necessary to establish a violation of Sivatia's constitutional rights.  Thus, Plaintiffs' sixth cause of action begins by recognizing two "exceptions" when state actors may be held liable for their inaction and/or a third-party's action.  Indeed, the sixth cause of action includes the following block quote:

> The first exception, known as the special relationship doctrine, exists when the state assumes control over an individual sufficient to trigger an affirmative duty to provide protection to that individual.  The second exception, sometimes referred to as the danger creation theory, provides that a state may also be liable for an individual's safety if it created the danger that harmed the individual.

[*See id.* at ¶ 228 (quoting *Armijo v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1260 (10th Cir. 1998) (cleaned up))].  Notably, the same case quoted in the sixth cause of action affirmed the trial court's denial of qualified immunity in response to a § 1983 claim.  *See Armijo*, 159 F.3d at 1264.

After block quoting that federal case, Plaintiffs' sixth cause of action alleges facts sufficient to establish the federal standard of liability.  Plaintiffs allege facts showing that Defendants "assume[d] control over" Sivatia.  *Id.* at 1260. [*See* Dkt. 31 at ¶ 232 ("Defendants had actual custody of [Sivatia]")].  Plaintiffs also allege facts showing that Defendants "created the danger

3

that harmed" Sivatia. *Id.* [*See* Dkt. 31 at ¶ 234 (alleging Defendants left Sivatia "lying in the middle of a dark[] road")].

Other courts have likewise decided similar claims under § 1983 and constitutional principles. *See, e.g.*, *DeShaney*, 489 U.S. at 193-94 (addressing § 1983 claims); *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 928 ("State may incur a constitutional duty to protect the victim from harm its conduct has rendered more likely . . . ."); *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995) (recognizing "state may be liable" as part of § 1983 claim "for an individual's safety under a 'danger creation' theory"); *Wood v. Ostrander*, 879 F.3d 583, 589-90 (9th Cir. 1989) (supporting § 1983 liability and Fourteenth Amendment violation where defendant "affirmatively placed the plaintiff in a position of danger").[1]

It is true that Plaintiffs' sixth cause of action references one case from the Utah Supreme Court. [*See* Dkt. 76 at ¶ 229-30 (quoting *Francis v. State Division of Wildlife Resources*, 2013 UT 65, ¶ 31, 321 P.3d 1029)]. However, that case also addressed the existence of a "special relationship." *Compare Francis*, 2013 UT 65, ¶ 25 (requiring "special relationship between the government agency and the" plaintiff) *with Armijo*, 159 F.3d at 1261 (requiring "custodial or other 'special relationship' with the" plaintiff); *Hunt v. Montano*, 39 F.4th 1270, 1282 (10th Cir. 2022) (finding allegations adequate "to impose [§ 1983] liability under the special relationship

---

[1] *See also Apffel v. Huddleston*, 50 F. Supp. 2d 1129, 1134 (D. Utah 1999) (recognizing "state . . . may be liable for an individual's safety under a danger creation theory" in connection with § 1983 claim); *Stebner v. Utah Dep't of Corr.*, No. CIV. 2:00CV0037C, 2000 WL 33710898, at *4 (D. Utah Oct. 12, 2000) (same); *Thayer v. Washington Cnty. Sch. Dist.*, 858 F. Supp. 2d 1269, 1273 (D. Utah 2012) (addressing "danger creation theory" in connection with Fourteenth Amendment); *Moore v. Utah*, No. 2:13-CV-29, 2013 WL 3148474, at *4 (D. Utah June 19, 2013) (same).

doctrine"). Citation to a persuasive state-law opinion addressing a substantially similar issue as the federal claim should not deprive Plaintiffs of their federal claims for relief.

## CONCLUSION

Plaintiffs' sixth cause of action cites to federal authority and seeks relief under established, federal law. As such, the Court maintains original subject matter jurisdiction over this case, including the related state law claims. *See* 28 U.S.C. §§ 1331, 1367.

DATED this 15th day of October, 2025.

JAMES DODGE RUSSELL & STEPHENS, P.C.

*/s/ Benton M. Eskelsen*
Mitchell A. Stephens
Justin L. James
Benton M. Eskelsen

*Counsel for Plaintiffs Antonio Sivatia through his Guardian & Mother Nonnie L. Masaniai.*